# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| SAMUEL DARNELL YATES, | ) | CASE NO. 5: 19 CV 1895 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | MEMORANDUM OF OPINION AND ORDER |
| | ) | |
| PATRICIA ANN AVERIETTE YATES, *et al.*, | ) | |
| | ) | |
| DEFENDANTS. | ) | |

## I. BACKGROUND

Seeking to proceed *in forma pauperis*, *pro se* plaintiff Samuel Darnell Yates, an Ohio resident, filed a civil complaint in this matter against two individual defendants, Patricia Ann Averiette-Yates, a resident of Dayton, Ohio, and Sandra Bennett-Robinson, a resident of Colorado Springs, Colorado. (Doc. No. 1.) Although the complaint is unclear, in it plaintiff states that "Patty kidnapped [him] from the State of Colorado" and that he is not "this black-boy (Sam Yates) born and raised from and in the Streets of Akron, Ohio" as the "City and Community think." (*Id*. at 5.) Instead, he asserts that his birth mother, Sandy Robinson, is white, and that defendants have "kidnapped him" since 1974 and "have been partying; boozing; and drugging with celebrities; drug dealers; [and] police officers" so that he "couldn't have a life." (*Id*. at 5-6.)

Asserting federal jurisdiction on the basis of "Environmental Matters (aband[on]ment – kidnapping – human trafficking, 'identity theft')" (*Id*. at 4, ¶ A), the relief plaintiff seeks is "[t]hat

[his] name and Social Security number be changed from Yates into Bennett," that his birth certificate be changed "to say and have the seal of Colorado," and that his social security number and race be changed from African-American to "his rightful inheritance descendants of: Caucasian. . . ." (*Id*. at 6.)

## II. STANDARD OF REVIEW

Although the standard of review for *pro se* pleadings is liberal, principles requiring generous construction of *pro se* pleadings are not without limits. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Federal district courts are required under 28 U.S.C. § 1915(e)(2)(B) to screen all *in forma pauperis* complaints filed in federal court, and to dismiss before service any such action that the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a complaint must set forth sufficient factual matter, accepted as true, to state claim to relief that is plausible on its face. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) governs dismissals of *pro se* complaints under 28 U.S.C. § 1915(e)(2)(B)).

## III. DISCUSSION

Upon review, the Court finds that plaintiff's complaint must be dismissed. The complaint does not set forth allegations demonstrating the elements of a civil cause of action under any federal statute, and it does not identify a federal civil cause of action upon which this Court may grant plaintiff relief. *See Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716 (6th Cir. 1996) (a court

is not required to accept summary allegations or unwarranted legal conclusions in determining whether a complaint states a claim for relief). Indeed, kidnaping, the central premise of plaintiff's complaint, is a federal crime, and criminal actions in the federal courts are initiated by the United States Attorney, not private parties in civil cases. *See Bey v. Ohio*, No. 1:11 CV 1306, 2011 WL 4944396, at *3 (N. D. Ohio Oct. 17, 2011) (citing 28 U.S.C. § 547 and Fed. R. Crim. P. 7(c)). Accordingly, to the extent plaintiff is alleging defendants have engaged in criminal conduct, he has no plausible federal civil claim.[1]

## IV. CONCLUSION

Accordingly, plaintiff's motion to proceed *in forma pauperis* in this matter (Doc. No. 2) is granted, and his complaint is dismissed pursuant 28 U.S.C. § 1915(e)(2)(B). The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: December 19, 2019

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**

---

[1] Plaintiff has also failed to set forth any factual allegations that would establish a civil rights violation under 42 U.S.C. § 1983. *See Gomez v. Toledo*, 446 U.S. 635, 640, 100 S. Ct. 1920, 64 L. Ed. 2d 572 (1980).